IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MANUEL GUILLEN,<br><br>    Plaintiff,<br><br>v.<br><br>RACETRAC PETROLEUM, INC.,<br><br>    Defendant. | Case No. 3:20-CV-01470-N-BT |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

On October 13, 2020, Defendant RaceTrac Petroleum, Inc. ("RaceTrac") filed a Motion to Compel *pro se* Plaintiff Manuel Guillen to Answer Discovery Requests (ECF No. 8). The certificate of conference accompanying the Motion states that counsel for RaceTrac attempted to confer with Guillen on multiple occasions but were unable to reach him. Mot. 5; Order. 1 (ECF No. 10). The Court, therefore, ordered Guillen on October 14, 2020 to show cause in writing within thirty days of service as to why he should not be sanctioned for his refusal to engage in a meaningful conference with RaceTrac's counsel regarding the relief sought in the Motion. Order 2. The undersigned also warned Guillen that if he failed to respond to the Order to Show Cause, the Court may recommend his case be dismissed under Federal Rule of Civil Procedure 41(b). *Id.* Following this Order, RaceTrac unsuccessfully continued its efforts to contact Guillen by phone, email, and in-person service. *See* Def.'s Resp. 1–2 (ECF No. 11). On November 10, 2020,

1

the Court's Order to Show Cause was received back from Guillen as "Return to Sender - Not Deliverable as Addressed - Unable to Forward." Mail (ECF No. 12). Guillen has not provided the Court with a valid address, as required by Rules 83.13 and 83.14 of the Local Civil Rules of the District Court for the Northern District of Texas, which require a *pro se* party to apprise the court of any address change. In view of these circumstances, this case should be DISMISSED under Federal Rule of Civil Procedure 41(b).

Federal Rule of Civil Procedure Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Dorsey v. Scott Wetzel Serv.*, 84 F.3d 170, 171 (5th Cir. 1996). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Dismissal under Rule 41(b) is warranted when plaintiffs fail to prosecute their case and respond to a Show Cause Order. *See Davis v. Wells Fargo Home Mortg.*, 2020 WL 5633030, at *1 (N.D. Tex. Sept. 21, 2020) (dismissing plaintiff's suit for failing to prosecute the case and to respond to a show-cause order); *Hawkins v. Saul*, 2020 WL 5099033, at *2 (N.D. Tex. Aug. 10, 2020) (same). Dismissal is further warranted when plaintiffs fail to provide the Court with a current address. *Turner v. Texas*, 2020 WL 6747387, at *1 (N.D. Tex. Oct. 28, 2020), *rec. adopted*, 2020 WL 6741653 (N.D. Tex. Nov. 16, 2020) (dismissing

plaintiff's suit for failing to prosecute the case provide the Court with a current address).

As of the date of these Findings, Conclusions, and Recommendation, Guillen has failed to respond to the Order to Show Cause, participate in discovery, or provide the Court with a valid address. He has been *pro se* since the Court allowed his attorney to withdraw on August 3, 2020. At that time, the Court gave Guillen sixty days to retain new counsel, but no attorney has filed a notice of appearance on Guillen's behalf. Guillen has severed contact with the Court and failed to prosecute this lawsuit. Under these circumstances, Guillen's case should be DISMISSED without prejudice under Rule 41(b).

**SIGNED** November 19, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).